IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 04-cv-00438-PSF-OES
(Consolidated with 04-cv-02322-PSF-CBS)

TIMOTHY C. HOILES,

    Plaintiff,

v.

JOSEPH M. ALIOTO,

    Defendant and Counterclaim Plaintiff,

v.

ELIZABETH DAVISON;
GAIL SANCHEZ; and
JILL K. HOILES,

    Additional Counterclaim Defendants.

---

Civil Action No. 04-cv-02322-PSF-CBS
(Consolidated with 04-cv-438-PSF-OES)

JOSEPH M. ALIOTO,

    Plaintiff,

v.

TIMOTHY HOILES;
ELIZABETH DAVISON;
GAIL SANCHEZ; and
JILL K. HOILES,

    Defendants.

**ORDERS ON MOTION TO RECONSIDER RULING OF
JULY 6, 2005; PLAINTIFFS' MOTION TO EXCLUDE TESTIMONY
OF B. LAWRENCE THEIS; AND PLAINTIFF'S MOTION TO EXCLUDE
TESTIMONY OF ROBERT E. CURRIE**

**I.   DEFENDANTS' MOTION TO RECONSIDER RULING OF JULY 6, 2005 (Dkt. # 260)**

Defendant's Motion to Reconsider Ruling of July 6, 2005 (Dkt. # 260), filed July 13, 2005, is DENIED. Neither defendant's counsel nor his witnesses may assert at trial that a *quantum meruit* recovery of attorneys' fees should be allowable on a contingent fee basis. Rule 1.5(a)(8) of the Colorado Rules of Professional Conduct ("whether the fee is fixed or contingent" as a basis for a lawyer's fee) is inapplicable. Any fee recovery here would not be based on any fixed fee. Moreover, the Court has previously ruled that the contingent fee set forth in the August 17, 2001 fee agreement is void and unenforceable as the agreement is in violation of Chapter 23.3 of the Colorado Rules of Civil Procedure, the requirements of which have been held to apply to the lawyer-client relationship between the parties.

The purpose behind the substantial compliance requirement of Rule 6 of Chapter 23.3 as a precondition to enforcement of a contingent fee agreement would be frustrated by allowing a non-complying lawyer to nonetheless argue for a percentage-based fee. As stated in *Dudding v. Norton Frickey & Associates*, 11 P.3d 441, 446 (Colo. 2001), "an attorney may seek a contingent fee from his client only in accordance with a valid agreement." *See also* Rule 1.5(c) of the Colorado Rules of Professional

Conduct, which states in pertinent part: "A contingent fee shall meet all of the requirements of Chapter 23.3 . . . ."

The case defendant puts its greatest reliance upon in support of a contingent fee recovery despite an invalid contingency fee agreement, *Beeson v. Industrial Claim Appeals Office of the State of Colo.*, 942 P.2d 1314 (Colo. App. 1997), is inapposite. In *Beeson* a legal fee of $8,993 or roughly 20% of a $45,000 settlement in a workers' compensation case was upheld notwithstanding an unenforceable oral contingency fee agreement. The fee was attacked about two years after the settlement had been completed and the legal services fully rendered. The Colorado Court of Appeals affirmed the Industrial Claim Appeals Panel refusal to order disgorgement of the fees paid. Its decision was not based upon the oral fee agreement, but rather on a *quantum meruit* determination. Accepting a reasonableness analysis conducted previously by the administrative law judge, which included but was not limited to "the time and labor involved, the results obtained, and the nature and length of his professional relationship with claimant," the Panel and the court upheld the ALJ's order denying claimant's request for fee disgorgement. 942 P.2d at 1317. Nothing in the opinion recognized the percentage set forth in the unenforceable oral contingent fee agreement to be a salient factor in determining the reasonableness of the fee using a *quantum meruit* analysis. Indeed the court of appeals noted that in those circumstances, "[t]he existence of a contingency fee contract is determinative only to the extent that it sets the maximum amount permitted." *Id.* at 1316. That statement appears to indicate that the reasonable value of the lawyer's fees for the work actually expended under scrutiny in *Beeson* may

well have exceeded that awarded but had to be capped by the percentage set forth in the otherwise unenforceable agreement.

Thus, *Beeson* stands for the pertinent proposition in this case that under Colorado law there are circumstances when a lawyer may recovery a *quantum meruit* legal fee despite an invalid contingency agreement. *Beeson* also holds that a client can offensively use an invalid contingent fee agreement under Colorado law to limit his or her liability for fees under an alternative *quantum meruit* analysis when that alternative approach is allowed. It does not support the contention argued by defendant that a *quantum meruit* fee recovery may be based on the percentage set forth in an unenforceable fee agreement.

The scope and effect of this analysis for trial purposes is somewhat limited and must be put in context. Defendant's counsel or his witnesses may assert at trial that a reasonable fee here should exceed the lodestar (a reasonable number of hours times a reasonable hourly rate) based upon Rule 1.5(a)(4) of the Colorado Rules of Professional Conduct: "the amount involved and the results obtained." However, reference to a percentage of the recovery arguably obtained by defendant's efforts as a reasonable fee or tool for deducing a reasonable fee is barred.

**II.    PLAINTIFF'S MOTION TO EXCLUDE THE TESTIMONY OF B. LAWRENCE THEIS (Dkt. # 263)**

Based on the above ruling on defendant's motion for reconsideration, to the extent the expert testimony of B. Lawrence Theis, Esq. is based on a contingent fee analysis it will not be allowed. The Court notes that Mr. Theis' expert report is not

exclusively limited to a contingent fee analysis as a surrogate for a *quantum meruit* award. For example Rule 1.5 factors, including Rule 1.5(a)(4), are covered in his report. *See* Appendix B to Affidavit of B. Lawrence Theis, dated May 31, 2005. Such non-excludable matters already disclosed may be proffered as part of Mr. Theis' direct examination.

Defendant's request to supplement Mr. Theis' report in the event that motion to reconsider is denied, which it is, is rejected. It is far too late in the course of this case to revamp an expert's report. Such an approach would have reverberations, perhaps requiring additional discovery and supplemental reports by plaintiff's experts, that would jeopardize the rapidly approaching trial date. Moreover, the issue that is the subject of the motion to reconsider has been decided as a matter of law, now twice. Contrary to his assertion, defendant could have anticipated an adverse ruling excluding a "contingent fee as a factor under Rule 1.5(a)" under an agreement invalid under Colorado law (*see* Defendant's Response to Plaintiff's Motion to Exclude the Testimony of B. Lawrence Theis at 2), given the lack of Colorado precedent supporting that position.

As for Mr. Theis' opinion of defendant's "experience, reputation, and ability," he may so opine consistent with his previously disclosed statements. Such factors of course are relevant to determining a reasonable fee of an attorney under Rule 1.5(a)(7) of the Colorado Rules of Professional Conduct. Moreover, "reputation" testimony, even if inherently less reliable than other forms of evidence, is still often admissible even

without the direct personal knowledge of the witness.  *See* F.R.E. 405, 803(19), 803(20) and 803(21) and the Advisory Committee Notes as to those rules.

### III.     PLAINTIFF'S MOTION TO EXCLUDE THE TESTIMONY OF ROBERT E. CURRIE (Dkt. # 232)

Plaintiff's Motion to Exclude the Testimony of Robert E. Currie is GRANTED. Defendant failed to timely identify Mr. Currie as a potential witness in his Rule 26(a)(1) disclosures, and did not do so until the discovery deadline had passed (in the draft Pretrial Order submitted to the Court just two months before trial).  Defendant offers no justification for his failure to make a supplemental Rule 26 disclosure as to Mr. Currie.  Allowing Mr. Currie's testimony at this late stage of the proceedings would result in prejudice to the plaintiff, even assuming that the privilege issues associated with the scope of his testimony could be resolved before trial.

### IV.     CONCLUSION

For the foregoing reasons, Defendant's Motion to Reconsider Ruling of July 6, 2005 (Dkt. # 260) is DENIED; Plaintiff's Motion to Exclude the Testimony of B. Lawrence Theis (Dkt. # 263) is GRANTED IN PART AND DENIED IN PART as indicated above; and Plaintiff's Motion to Exclude the Testimony of Robert E. Currie (Dkt. # 232) is GRANTED.

DATED:  July 21, 2005

BY THE COURT:

s/ Phillip S. Figa

_____
Phillip S. Figa
United States District Judge