IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. 04-cv-00438-JLK-MEH

JOSEPH M. ALIOTO,

    Plaintiff and Counterclaim Defendant,

v.

TIMOTHY C. HOILES,

    Defendant and Counterclaim Plaintiff.

## ORDER ON MOTION TO REOPEN DISCOVERY

This matter is before the Court on Plaintiff's Motion for Leave to Reopen Discovery for Limited Purposes (doc. # 504), filed on June 11, 2007. The motion is granted in part and denied in part with leave to renew.

Plaintiff Alioto requests that he be allowed to take additional, limited discovery before responding to Defendant's Motion for Summary Judgment on the Issue of Ratification (doc. # 496), which is based largely on a recent California Court of Appeal decision. *Fergus v. Songer*, ___ Cal. Rptr. 3d ___, 2007 WL 1290238 (Ct. App. May 3, 2007). Because the *Fergus* decision clarifies California law on the issue of a client's requisite knowledge in ratifying a voidable fee agreement, I hold that such limited discovery is warranted. Alioto will be permitted to request and examine documents relevant to the ratification issue and to depose Defendant Hoiles on the issue within the next 30 days.

However, at this point I will not allow plaintiff to depose defendant's attorney, E. Glen Johnson. A deposition of opposing counsel should only be allowed upon a showing that: (1) no other means exist to obtain the information; (2) the information sought is relevant and non-privileged; and (3) the information is crucial to the preparation of the case. *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1112 (10th Cir. 2001) (citing *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986)); *Religious Tech. Ctr. v. F.A.C.T.Net, Inc.*, 945 F. Supp. 1470, 1480 (D. Colo. 1996).

Alioto has not satisfied the first requirement of this test. Given that Alioto will have the opportunity to depose Hoiles on the ratification issue and to review relevant documents, there is no indication that crucial information on the subject of what Hoiles knew and when he knew it can be obtained only by deposing Mr. Johnson. Without such a showing, the deposition of Mr. Johnson is inappropriate. However, should Alioto learn during the course of the permitted discovery that deposing Mr. Johnson is the only way for Alioto to access certain information that is crucial to his case, he may renew his motion at that time.

For the foregoing reasons, Plaintiff's Motion for Leave to Reopen Discovery for Limited Purposes (doc. # 504) is GRANTED IN PART and DENIED IN PART without prejudice. Plaintiff shall immediately serve on defendant requests for production of documents relevant to the ratification issue, and defendant shall respond within 15 days of service. Plaintiff shall be permitted to depose defendant on the ratification issue within 30 days of the date of this Order. Should disputes arise regarding the

scope of the deposition, the Court may order that the deposition be taken in open court. Plaintiff shall not be permitted to depose defendant's attorney, E. Glen Johnson, at this time. However, plaintiff may renew his motion to depose Mr. Johnson if, after the completion of the permitted discovery, he is able to demonstrate that he has a substantial need for information that only Mr. Johnson can provide.

In light of these rulings, the briefing schedule set by the Court in its June 6, 2007 Minute Order (doc. # 497) on defendant's motion for summary judgment (doc. # 496) and motion for separate trials (doc. # 495) is vacated. Plaintiff shall have 20 days from the date discovery is completed to file a response to the motions. Defendant may file a reply within 10 days of the filing of the response.

DATED:  June 14, 2007.

BY THE COURT:

**s/John L. Kane**
United States Senior District Judge