IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. 04-cv-00438-JLK-MEH

JOSEPH M. ALIOTO,

    Plaintiff and Counterclaim Defendant,

v.

TIMOTHY C. HOILES,

    Defendant and Counterclaim Plaintiff.

## ORDER ON PENDING MOTIONS

    This matter is before the Court on Plaintiff Joseph M. Alioto's Motion for 1292(b) Certification (doc. # 505), filed on June 12, 2007. Defendant Timothy C. Hoiles filed a response on June 26, 2007 (doc. # 511), and plaintiff replied on June 28, 2007 (doc. # 512). Also pending is Defendant's Motion to Strike Alioto's Reply Memorandum in Support of Motion for 1292(b) Certification and for Alternative Relief (doc. # 513), filed on July 2, 2007.

    Alioto seeks certification for immediate appeal of the following rulings made in this Court's May 29, 2007 Memorandum Opinion and Order (doc. # 493): (1) the fee agreement between Alioto and Hoiles was voidable for failure to comply with Cal. Bus. & Prof. Code § 6147; (2) under California law, ratification of a voidable contingency fee

agreement requires knowledge by the client of his right to void the agreement; and (3) under California law, the jury may not consider the contingency fee contained in the invalid agreement in calculating *quantum meruit* damages.

A party may appeal an otherwise unappealable interlocutory order upon the district judge's certification in writing that the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Whether certification of an interlocutory order for appeal is appropriate is within the discretion of the district court. *Am. Nat'l Fire Ins. Co. v. Mirasco, Inc.*, 265 F. Supp. 2d 240, 249 (S.D.N.Y. 2003); *see also Swint v. Chambers County Comm'n*, 514 U.S. 35, 47 (1995) (district courts have "first line discretion" to allow interlocutory appeals).

I decline to certify the issues specified by Alioto for immediate appeal. First, the Order in question does not involve a "controlling issue of law." An issue of law is "controlling" when "the correct answer to the question will end the matter pending," thereby "substantially accelerating disposition of the litigation." *In re Grand Jury Proceedings June 1991*, 767 F. Supp. 222, 225 (D. Colo. 1991). Even a reversal by the Tenth Circuit on all three issues would not conclude the litigation, as several issues would remain to be decided by both the Court and a jury. Second, an immediate appeal likely will not materially advance the ultimate termination of this litigation. To the contrary, given the contentious history of this case and the limited number of issues left

to be decided, I find an interlocutory appeal would delay rather than aid the conclusion of this litigation.

In sum, the Tenth Circuit has recognized that "enlargement of the right to appeal" via certification under 28 U.S.C. § 1292(b) "should be limited to extraordinary cases in which extended and expensive proceedings probably can be avoided by immediate final decision of controlling questions encountered early in the action." *State of Utah By & Through Utah State Dep't of Health v. Kennecott Corp.*, 14 F.3d 1489, 1495 (10th Cir. 1994) (citation and quotation marks omitted).  Such extraordinary circumstances are not present in this case.

For the foregoing reasons, Plaintiff's Motion for 1292(b) Certification (doc. # 505) is DENIED.  Accordingly, the Court need not reach Defendant's Motion to Strike Alioto's Reply Memorandum in Support of Motion for 1292(b) Certification and for Alternative Relief (doc. # 513), which is DENIED AS MOOT.

DATED:  July 5, 2007.

BY THE COURT:

**s/John L. Kane**
SENIOR U.S. DISTRICT JUDGE