IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. 04-cv-00438-JLK-MEH

JOSEPH M. ALIOTO,

    Plaintiff and Counterclaim Defendant,

v.

TIMOTHY C. HOILES,

    Defendant and Counterclaim Plaintiff.

## ORDER ON MOTION TO RECONSIDER PROTECTIVE ORDER

This matter is before the Court on Plaintiff's Motion for Reconsideration of Amended Order on Motion for Protective Order Dated August 8, 2007 (doc. # 530), filed on September 4, 2007. Because the motion requests reconsideration of an interlocutory ruling, I am not bound by the high standards of F.R.Civ.P. 59(e) and 60(b) in considering the motion and have general discretionary authority to review and revise my prior Order. *Wagoner v. Wagoner*, 938 F.2d 1120, 1122 n.1 (10th Cir. 1991). However, I decline to do so.

In arguing that the restrictions placed on the scope of discovery were too severe, Alioto relies in part on the fact that Hoiles "did not have a single document to produce" in light of my rulings. Pl.'s Mot. at 4. However, plaintiff's apparent certainty that certain documents exist does not mean they do, and the number of responsive documents has no bearing on the legal rulings contained in the protective order.

Alioto also disagrees with my determination that Hoiles voided the fee agreement on January 21, 2004, asserting both that the evidence does not support this finding and that the question of when Hoiles voided the agreement is one of fact for the jury. The former contention is essentially a repeat of an argument contained in Alioto's response to Hoiles's motion for protective order and is no more persuasive the second time around. I also reject the latter argument, in which Alioto simply disagrees with my interpretation of California case law on what is necessary for clients to effectively void attorney fee agreements.

Finally, Alioto contends the limitation in the Order to documents relating to "enforceability–a legal concept—combined with the date limitation . . . rendered the Document Request a virtual nullity." Pl.'s Mot. at 10. Again, I decline to reconsider the date limitation. In addition, although "enforceability" is a "legal concept," the limitation is appropriate given that a client's ratification of a voidable fee agreement hinges on whether the client "expressly or impliedly consented to the . . . contingency fee agreement after learning of its voidability." *Fergus v. Songer*, 59 Cal. Rptr. 3d 273, 289 (Ct. App. 2007).

For the foregoing reasons, Plaintiff's Motion for Reconsideration of Amended Order on Motion for Protective Order Dated August 8, 2007 (doc. # 530) is DENIED.

DATED: September 6, 2007.

BY THE COURT:

*s/John L. Kane*
_____
Senior U.S. District Judge

2